# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAHRAM ARIANNEJAD,<br><br>                Plaintiff,<br>  vs.<br>JPMORGAN CHASE BANK, N.A.,<br><br>                Defendant. | CASE NO. 09cv1971 BTM(CAB)<br><br>**ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT** |

Defendant JPMorgan Chase Bank, N.A. ("JPMorgan" or "Defendant") has filed a motion to dismiss Plaintiff's First Amended Complaint. For the reasons discussed below, Defendant's motion is **GRANTED**.

## I. BACKGROUND

Plaintiff commenced this action in the Superior Court of the State of California. On September 8, 2009, Defendant removed the action to federal court.

In his First Amended Complaint, Plaintiff brings claims against JPMorgan and other unnamed defendants in connection with two loans he obtained. Although Plaintiff does not provide additional information about the loans, it appears that the loans at issue consist of (1) a loan issued by JPMorgan in the sum of $260,000, secured by real property located at 3967 Nobel Drive, # 260, San Diego, California 92122; and (2) a loan issued by JPMorgan in the sum of $48,750.00 secured by a Closed-End Deed of Trust encumbering the same

property. (Def.'s RJN, Exs. 1-2.) Both deeds of trust were recorded on or about April 6, 2007. (Id.)

Plaintiff states that his mortgage is about to become delinquent and is on the verge of foreclosure. (FAC at 3.) Plaintiff asserts causes of action for (1) constructive fraud; (2) violation of Cal. Fin. Code § 4973(f), (n); (3) violation of the Real Estate Settlement Practices Act (12 U.S.C. § 2607(a) and (b)); (4) breach of fiduciary duty; (5) violation of Cal. Bus. & Prof. Code § 17500; and (6) violation of Cal. Bus. & Prof. Code § 17200.

## II. STANDARD

Under Fed. R. Civ. P. 8(a)(2), the plaintiff is required only to set forth a "short and plain statement" of the claim showing that plaintiff is entitled to relief and giving the defendant fair notice of what the claim is and the grounds upon which it rests. Conley v. Gibson, 355 U.S. 41, 47 (1957). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988). When reviewing a motion to dismiss, the allegations of material fact in plaintiff's complaint are taken as true and construed in the light most favorable to the plaintiff. See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). Although detailed factual allegations are not required, factual allegations "must be enough to raise a right to relief above the speculative level." Bell Atlantic v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007). "A plaintiff's obligation to prove the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id.

## III. DISCUSSION

Defendant moves to dismiss Plaintiff's claims on the ground that they fail to state a claim. Plaintiff did not file an opposition to Defendant's motion. Upon review of the FAC, the Court agrees that the FAC is deficient and fails to state a claim.

09cv1971 BTM(CAB)

### A. Constructive Fraud

Under California law, constructive fraud is defined as "any breach of duty which, without an actually fraudulent intent, gains an advantage to the person in fault, or any one claiming under him, by misleading another to his prejudice, or the prejudice of any one claiming under him . . . ." Cal. Civ. Code § 1573.  It is essential to the operation of the principle of constructive fraud that there be a confidential or fiduciary relationship. See Pickford Co. v. Bayly Bros., 12 Cal. 2d 501, 525 (1939); Byrum v. Brand, 219 Cal. App. 3d 926, 937-38 (1990).

There is no fiduciary relationship between a mortgagor and mortgagee. See Spencer v. DHI Mortgage Co., Ltd., 642 F. Supp. 2d 1153 (E.D. Cal. 2009) (holding that there was no fiduciary relationship between mortgagor and mortgagee); Nymark v. Heart Federal Savings & Loan, 231 Cal. App. 3d 1089, 1093 n. 1 (1991) ("The relationship between a lending institution and its borrower-client is not fiduciary in nature.")  Due to the absence of a fiduciary relationship, Plaintiff's constructive fraud claim fails.

To the extent Plaintiff intends to assert a claim for ordinary fraud or negligent misrepresentation, Plaintiff has failed to plead fraud with the particularity required by Fed. R. Civ. P. 9(b).  Plaintiff generally alleges that he was deceived into entering into the loan transactions by Defendants, who allegedly inflated the value of Plaintiff's home, falsified Plaintiff's income amounts, and failed to adequately disclose the terms of repayment. However, Plaintiff does not identify who he talked to, when the pertinent communications took place, or what exactly was said.  Therefore, Plaintiff has not stated a claim for fraud or negligent misrepresentation.

### B. California Financial Code § 4973(f), (n)

Plaintiff alleges that Defendants violated Cal. Fin. Code § 4973(f), (n), by failing to properly qualify Plaintiff so that he could afford the monthly payments.  However, Plaintiff has failed to allege facts establishing that Cal. Fin. Code § 4973 is applicable.  Section 4973 prohibits certain acts in connection with "covered loans," which are defined as follows:

> (b) "Covered loan" means a consumer loan in which the original principal balance of the loan does not exceed the most current conforming loan limit for a single-family first mortgage loan established by the Federal National Mortgage Association in the case of a mortgage or deed of trust, and where one of the following conditions are met:
>
> (1) For a mortgage or deed of trust, the annual percentage rate at consummation of the transaction will exceed by more than eight percentage points the yield on Treasury securities having comparable periods of maturity on the 15th day of the month immediately preceding the month in which the application for the extension of credit is received by the creditor.
>
> (2) The total points and fees payable by the consumer at or before closing for a mortgage or deed of trust will exceed 6 percent of the total loan amount.

Cal. Fin. Code § 4970.

Plaintiff does not allege that the annual percentage rate at consummation of the loans exceeded the Treasury securities rate by more than eight percentage points or that the total points and fees paid by Plaintiff at or before closing exceeded six percent of the total loan amount. Therefore, Plaintiff has failed to state a claim under Cal. Fin. Code § 4973(f), (n).

## C. Cal. Civil Code §2923.5

Plaintiff alleges that Defendants violated Cal. Civil Code § 2923.5 by failing to explore loan modification or other options prior to attempting to foreclose. Section 2923.5 provides, in pertinent part:

> (a)(1) A mortgagee, trustee, beneficiary, or authorized agent **may not file a notice of default** pursuant to Section 2924 **until 30 days after contact is made as required by paragraph (2)** or 30 days after satisfying the due diligence requirements as described in subdivision (g).
>
> (2) A mortgagee, beneficiary, or authorized agent shall contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure. During the initial contact, the mortgagee, beneficiary, or authorized agent shall advise the borrower that he or she has the right to request a subsequent meeting and, if requested, the mortgagee, beneficiary, or authorized agent shall schedule the meeting to occur within 14 days. The assessment of the borrower's financial situation and discussion of options may occur during the first contact, or at the subsequent meeting scheduled for that purpose. In either case, the borrower shall be provided the toll-free telephone number made available by the United States Department of Housing and Urban Development (HUD) to find a HUD-certified housing counseling agency. Any meeting may occur

telephonically.

(Emphasis added.)

As pointed out by JPMorgan, Plaintiff does not allege that a Notice of Default has been filed.  (JPMorgan indicates that no Notice of Default has been recorded.)  Therefore, even if there is a private right of action under this section, Plaintiff has failed to state a claim.

### D.  Real Estate Settlement Practices Act

Plaintiff alleges that Defendants violated the Real Estate Settlement Procedures Act, 12 U.S.C. § 2607(a), (b), by paying certain fees, including a "yield spread premium," which were excessive and were not for services actually performed.  (FAC, ¶¶ 25-27.)

Claims for violation of 12 U.S.C. § 2607 are governed by a one-year statute of limitations.  12 U.S.C. § 2614.  The loan transactions at issue in this case were consummated in April, 2007.  This action was not filed until February, 2009.  Although equitable tolling of the statute of limitations may be appropriate in certain circumstances, the FAC does not make any allegations suggesting that there is a basis for equitable tolling.  Therefore, dismissal of this claim without prejudice is appropriate. See, e.g., Mulato v. WMC Mortgage Corp., 2009 WL 3561536 (N.D. Cal. Oct. 27, 2009); Nguyen v. LaSalle Bank Nat. Ass'n, 2009 WL 3297269 (C.D. Cal. Oct. 13, 2009).

### E.  Breach of Fiduciary Duty

Plaintiff alleges that Defendants breached their fiduciary duty to Plaintiff in a variety of ways.  (FAC, ¶¶ 29-58.)  However, as explained above, JPMorgan is not in a fiduciary relationship with Plaintiff.  Therefore, Defendant's motion is granted as to this claim as well.

### F.  Cal. Bus & Prof. Code § 17500

Plaintiff alleges that Defendants violated Cal. Bus. & Prof. Code § 17500 by making or disseminating untrue or misleading statements to induce members of the public to enter into mortgage loan or home equity lines of credit.  (FAC, ¶ 60.)  These statements include

"statements that Defendant(s) was a mortgage loan expert that could be trusted to help borrowers obtain mortgage loans that were appropriate to their financial circumstances" and "statements that the mortgage loans did not have prepayment penalties, when in fact they did, and statements that prepayment penalties could be waived, when in fact they could not be waived."  (FAC, ¶¶ 60, 61.)

Section 17500 makes it unlawful for any person or entity to make or disseminate false or misleading advertisements.  To state a claim under California's false advertising law, Plaintiff must establish that "members of the public are likely to be deceived."  Kasky v. Nike, Inc., 27 Cal. 4th 939, 951 (2002).  Plaintiff's allegations regarding Defendants' allegedly misleading statements are too vague to support a claim under section 17500.  Plaintiff does not identify who made the statements, how the statements were conveyed, who the statements were directed toward, or the context of the statements.  Therefore, the Court dismisses this claim.

### G.  Cal. Bus. & Prof. Code § 17200

Plaintiff claims that Defendants have engaged in unfair competition in violation of Cal. Bus. & Prof. Code § 17200.  For the most part, Plaintiff's § 17200 claim rests upon the other claims of the FAC, which have been dismissed for failure to state claim.  To the extent that Plaintiff's § 17200 claim is based on an alleged deceptive business scheme by Defendants to generate as many mortgage loans as possible for resale on the secondary market through misleading marketing practices, suspect lending practices, overcompensation of mortgage brokers, etc. (FAC, Statement of Facts,  ¶¶ 11-37), Plaintiff's claim fails because it is based on broad sweeping accusations that are not supported by any specific factual allegations.  Furthermore, as already discussed, Plaintiff's allegations that Defendants deceived him into entering into the loan transactions lack the specificity required by Fed. R. Civ. P. 9(b).

### IV. CONCLUSION

For the reasons discussed above, Defendant's motion to dismiss the FAC is

1  **GRANTED**.  Plaintiff's FAC is **DISMISSED** for failure to state a claim.  The Court grants
2  Plaintiff leave to file a Second Amended Complaint curing the deficiencies identified in this
3  Order.  If Plaintiff chooses to file a Second Amended Complaint, it must be filed within 20
4  days of the entry of this order.  Failure to do so will result in the closing of this case.
5  **IT IS SO ORDERED.**

6
7  DATED:  November 17, 2009

8  *[signature: Barry Ted Moskowitz]*
9  Honorable Barry Ted Moskowitz
   United States District Judge